UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN JOSEPH BOATRIGHT,<br><br>PLAINTIFF,<br><br>V.<br><br>THE UNITED STATES OF AMERICA,<br><br>DEFENDANT. | CASE NO. 2:25-CV-01641-SB-ADS<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court reviewed the filings in this case, including the motion to dismiss and the Report and Recommendation of the U.S. Magistrate Judge, and conducted a de novo determination of the portions of the Report and Recommendation to which objections were directed.

The Federal Tort Claims Act (FTCA) requires a claimant to present a written claim to the appropriate federal agency before filing suit. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 111–13 (1993). This is a jurisdictional requirement. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). The government flagged the presentment issue in a footnote in its opening brief in support of its motion to dismiss (Dkt. No. 17), stating that it would move to dismiss for lack of exhaustion of administrative remedies "[i]f Plaintiff has not properly filed an administrative claim." Dkt. No. 17 at 3 n.1. Because Plaintiff, proceeding

pro se, did not have a full opportunity to respond, the Court declined to resolve the issue on that record and ordered supplemental briefing on whether Plaintiff had presented his claim to the appropriate federal agency.  Both parties filed supplemental briefs addressing this jurisdictional question.  Having reviewed those submissions, the Court concludes that Plaintiff has not satisfied the FTCA's presentment requirement.

On July 19, 2024, Plaintiff apparently attempted to deliver an administrative tort claim to a U.S. Drug Enforcement Administration (DEA) office.  Dkt. No. 27 at 27.  On July 23, 2024, a DEA paralegal specialist responded by email:

It is my understanding that you attempted to deliver a tort claim to our office on July 19, 2024.  We do not accept hand delivered claims, as our mailing location has to review and process incoming mail before sending it to our HQ location.  Please mail your claim, to my attention, to the mailing address shown below.  Once I receive your claim, I'll follow up with you regarding the process.

*Id.*  The email provided the mailing address for the DEA Office of Chief Counsel in Springfield, Virginia.

Plaintiff declined to follow those instructions.  In a reply email, he stated—without explanation—that "[m]ailing has already been deemed not to be a proper form of presentment."  *Id*.  He therefore decided to send photographs of the administrative claim form by text message that same day to a DEA agent named "Jeff," stating: "This is the FTCA claim that I need to present to the DEA agency or an agent of the DEA agency.  *Id*.  Can you please make sure this reaches the necessary personnel."  *Id*.  The recipient responded: "You have already been directed on how to proceed and this is not the way.  Do not contact me about this matter."  *Id*.

These facts do not establish presentment.  An administrative claim is "presented" only when it is "received" by the appropriate federal agency.  28 C.F.R.

2

§ 14.2(b); *see Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006) (requiring proof of receipt by the appropriate federal agency and rejecting the mailbox rule).  The government has submitted a declaration from a DEA official responsible for maintaining administrative tort claim records, attesting that the DEA "has no record that any FTCA claim was presented to DEA by [Plaintiff] or anyone acting on [his] behalf."  Dkt. No. 20-1 at 1 ¶ 5.

Plaintiff's own evidence confirms lack of receipt.  He did not submit his claim to the DEA office identified in the email and instead attempted to route it through an individual with no role in claims processing.  Even after being told that this was not the proper method, he persisted and failed to comply with the specified mailing procedure.  Dkt. No. 27 at 11.  He thus had clear notice that the claim had not been received.  *See Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981) ("They received no acknowledgment of the claim, a fact that should have suggested that the claim had not been received . . . ."); *accord Hernandez v. United States*, 771 F. Supp. 3d 1306, 1319–20 (S.D. Fla. 2025) (no presentment where claimant ignored instructions and sent claim to unauthorized personnel).

Because Plaintiff was told how to submit his claim, failed to do so, and cannot show that the DEA received it, he has not satisfied § 2675(a).  The Court therefore lacks subject-matter jurisdiction over Plaintiff's FTCA claim.  Accordingly, the Court adopts the Report and Recommendation.  This action is dismissed without leave to amend for lack of subject matter jurisdiction.  A final judgment will be entered separately.

Date: April 2, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge